**FILED**
**Aug 02, 2019**
**08:17 PM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| **DEVERY WILLIAMS,** | ) | **Docket No. 2018-03-1187** |
| Employee, | ) | |
| v. | ) | |
| **JL MALONE & ASSOCIATES/** | ) | **State File No. 96758-2018** |
| **FISHEL COMPANY,** | ) | |
| Employer, | ) | |
| **And** | ) | **Judge Pamela B. Johnson** |
| **ARCH INSURANCE COMPANY,** | ) | |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

This case came before the Court for an Expedited Hearing on July 16, 2019. Mr. Williams requested medical benefits for a right-eye injury. The Court must decide whether he presented sufficient evidence demonstrating he is entitled to additional medical benefits, including prescription eyeglasses. For the reasons below, the Court finds that Mr. Williams did not meet his burden and denies the requested benefits at this time.

### History of Claim

Mr. Williams worked as an equipment operator for JL Malone. On December 18, 2017, he assisted a coworker with cutting a copper wire when the wire struck Mr. Williams's right eye.

Mr. Williams sought treatment on his own. The next day, he went to the emergency room, and the attending provider diagnosed a corneal abrasion, prescribed an eye ointment, and recommended a follow-up visit with Dr. Michael Lett in three to five

1

days. In March 2018, Mr. Williams received an eyeglasses prescription from Dr. Mark H. Vinson.[1]

In September 2018, Mr. Williams filed a Petition for Benefit Determination seeking medical and disability benefits. During mediation, the parties agreed that JL Malone would schedule an appointment for Mr. Williams with Dr. Scott Jaben.

Mr. Williams saw Dr. Jaben in January 2019. After describing the work incident, Mr. Williams reported blurred vision, difficulty keeping the eye open, eye twitches, and eyestrain causing headaches. He also said his eye felt like it had a cut or scab. Examination of the right eye showed an oblique linear partial thickness scar with irregular astigmatism in the right eye and regular astigmatism in the left eye. Dr. Jaben diagnosed a right-eye corneal scar.

During a follow-up examination a couple weeks later, Dr. Jaben noted that Mr. Williams could still see the eye chart and suspected that he could see better than documented on visual testing. Dr. Jaben also noted that Mr. Williams's eye twitching, while annoying, was not harmful or threatening to his vision. He determined that glasses would not help Mr. Williams's vision, but he recommended continued use of "ATs."[2] Dr. Jaben further indicated that LASIK was not beneficial in trauma situations. He recommended no further interventions but instructed Mr. Williams to return in six to twelve months.

In March, Mr. Jaben obtained two price quotes for single-vision, ophthalmic Ray-Ban transition eyeglasses. When JL Malone refused to pay for the eyeglasses, the mediator issued a Dispute Certification Notice.

At the hearing, Mr. Williams argued he was "traumatized" by the situation. He testified he still suffers from the injury and experiences blurred vision, difficulty reading, and inability to enjoy his pre-injury activities such as hunting. He claimed his right-eye injury led to eyestrain in his left eye, causing headaches. He asserted he is entitled to "compensation" for his work injury and for his time and travel.[3] He denied preexisting eye injuries or vision problems. He asked for money so he can "get the case behind" him.

JL Malone argued Mr. Williams sought benefits for pain and suffering, unavailable under the Workers' Compensation Law. Testing by the authorized treating

---

[1] Mr. Williams introduced only the discharge instructions from Fort Loudon Medical Center and the eyeglass prescription from Vision Care. He provided no evidence that he saw Dr. Lett.

[2] The Court infers "ATs" meant artificial tears.

[3] Mr. Williams resides in South Carolina.

2

physician, Dr. Jaben, showed no vision loss due to the eye trauma but identified astigmatisms in both eyes. Dr. Jaben did not recommend any further interventions and specifically determined Mr. Williams would not benefit from glasses or LASIK surgery. JL Malone thus argued Mr. Williams was not entitled to additional medical benefits or temporary disability benefits.

**Findings of Fact and Conclusions of Law**

At an expedited hearing, Mr. Williams must show he would likely prevail at a hearing on the merits in proving his claim for medical and temporary disability benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018).

*Medical Benefits*

To receive medical benefits, Mr. Williams must show, to a reasonable degree of medical certainty, that the December 18, 2017 incident "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14).

Here, only Dr. Jaben offered an opinion regarding the need for further treatment, and he recommended against further interventions other than ATs and a follow-up visit in six to twelve months. However, Dr. Jaben specifically determined that neither eyeglasses nor LASIK surgery would help Mr. Williams. Although Mr. Williams introduced a prescription for eyeglasses, he offered no medical opinion relating his need for eyeglasses to the work injury. Thus, the Court holds Mr. Williams failed to demonstrate that he is likely to prevail at a hearing on the merits concerning entitlement to additional medical treatment, specifically the requested prescription eyeglasses.

*Temporary Disability Benefits*

Mr. Williams also requested "compensation." Generally, the Workers' Compensation Law limits monetary compensation available to an injured employee to temporary disability and permanent disability benefits. *See* Tenn. Code Ann. § 50-6-207. However, the Court cannot award permanent disability benefits at an Expedited Hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1). The two kinds of temporary disability benefits that the Court might award are temporary total and temporary partial.

To receive temporary total disability benefits, Mr. Williams must prove (1) he became disabled from working due to a compensable injury; (2) a causal connection between the injury and his inability to work; and (3) the duration of his disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Concerning temporary partial disability, Mr. Williams is eligible for these

3

benefits if he earned less than his average weekly wage due to work restrictions. *See* Tenn. Code Ann. § 50-6-207(2)(A).

Here, Mr. Williams did not offer evidence that he became disabled due to his work injury or of the period of time he was unable to work. Likewise, he failed to show he earned less than his pre-injury wage due to restrictions from the work injury. Thus, the Court holds Mr. Williams failed to present sufficient information demonstrating he is likely to prevail at a hearing on the merits on entitlement to temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Williams's claim against JL Malone for additional medical benefits and temporary disability benefits is denied at this time.

2. This case is set for a Status Conference on **November 18, 2019,** at **2:30 p.m. Eastern Time**. The parties must call 865-594-0091 or 855-543-5041 toll-free to participate in the Status Conference. Failure to appear by telephone might result in a determination of the issues without the party's participation.

**ENTERED August 2, 2019.**

**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:
1. Petition for Benefit Determination
2. Documents Created by the Bureau
3. Documents Submitted by the Employee
4. Documents Submitted by the Employer
5. Dispute Certification Notice
6. Request for Expedited Hearing
7. Notice of Expedited Hearing
8. Employee's Notice of Filing Medical Records
9. Employer's Medical Record Designation
10. Employer's Response to Expedited Hearing

Exhibits:
1. Affidavit
2. Medical Records of Charlotte Eye, Ear, Nose & Throat Associates
3. Medical Records & Expenses by Fort Loudon Medical Center
4. Prescription for Eye Glasses by Mark H. Vinson, O.D., Vision Care
5. Miscellaneous Medical Expenses
6. Dispute Resolution Notice

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on August 2, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Devery Williams, Self-Represented Employee | X | | X | 50 Glenwood Road, Apartment 246 Greenville, South Carolina 29615 williamsdevery@yahoo.com |
| Sean A. Hunt, Employer's Attorney | | | X | sean@thehuntfirm.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

to the Workers' Compensation Appeals

_____ Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

### Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                      RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

| | | | | |
|---|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | | |
|---|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

Amount Owed           To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____